The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SATYEN CHATTERJEE,

Defendant.

NO. CR15-179TSZ

**UNITED STATES
SUPPLEMENTAL SENTENCING
MEMORANDUM**

I.      INTRODUCTION

On February 19, 2015, federal agents arrested defendant Chatterjee in Seattle pursuant to a federal Complaint, and he appeared for his initial appearance. Presentence Investigation Report ("PSR") ¶ 4.  On May 18, 2015, defendant Chatterjee pleaded guilty to an Information charging him with one count of wire fraud in violation of Title 18, United States Code, Section 1343. PSR ¶ 2.  The United States filed its sentencing memorandum on December 3, 2015.  Dkt. 40.  On December 17, 2015, the Court held a hearing and denied defendant Chatterjee's motion to withdraw his guilty plea.  Dkt. 43. On January 11, 2016, the Court granted defendant Chatterjee's motion to substitute counsel, Dkt. 51, and sentencing was continued from January 20, 2016 to March 23, 2016.  Id.

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 1

During the January 11th hearing, the Court directed the parties to file a joint status report with an estimate of the amount of time needed by each side at the sentencing hearing.  The Court also directed the parties to file declarations for all potential sentencing witnesses.  On February 11, 2016, the United States filed declarations for five investors in Metamune, Inc., along with copies of their investment checks, documents, and e-mails.[1]  Dkt. 53.

Leading up to the sentencing, the United States and defendant Chatterjee's counsel engaged in a number of conversations concerning the Metamune investments.  As part of those discussions, the United States again reviewed the victim declarations and the financial transactions showing what defendant Chatterjee did with the purported Metamune investments.  Based upon this review, the United States continues to believe that certain aspects of defendant Chatterjee's conduct involving the Metamune investments was fraudulent.  As discussed more fully below, the United States is limiting its request for restitution to three Metamune victims based upon Chatterjee's representations to the investors and the use of their funds.  Specifically, the United States believes defendant Chatterjee acted fraudulently in connection with their Metamune investments by representing he would use their funds for Metamune's business, but instead used them to repay other investors in Ponzi-scheme fashion.

It appears, however, that defendant Chatterjee is continuing to assert that he did not engage in any fraudulent conduct relating to the Metamune investments.[2]  In his plea agreement, defendant Chatterjee admitted that he used a substantial portion of the money he raised from Metamune investors to repay prior investors and for personal expenses.

---

[1] Those investors included Indrajit Sur (Dkt. 53-1), Mohan Shah (Dkt. 53-2), Parantap Lahiri (Dkt. 53-3), Pritam De (Dkt. 53-4), and Sudip Gorakshakar (Dkt. 53-5).  As set forth below, however, the United States is now seeking restitution only for Shah, Lahiri, and De concerning their Metamune investments.

[2] Based upon the facts admitted in the Plea Agreement and this Court's direction in the January 11th hearing that those issues are resolved, the Court's determination on the issue of the Metamune investments will not affect defendant Chatterjee's advisory guideline calculation.  The guidelines call for a 14-level enhancement whenever the loss is between $550,000 and $1,500,000.  The losses to "fixed investment" investors and to the "mutual fund" investor (A.G.), total $577,461.

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 2

1  Plea Agreement ¶ 8n.  In his September 15, 2015 letter objecting to the PSR, however,

2  defendant Chatterjee argues that because he sold Metamune investors "part of his

3  interest" in the company, he was "free to use those proceeds as he pleased."  Defendant

4  Chatterjee also asserts that Metamune investors were "not victims of fraud" and are thus

5  not entitled to any restitution.

6      **II.**    **FACTUAL BACKGROUND**

7         Since at least 2011, defendant Chatterjee solicited investments in his dietary

8  supplement business, which he later incorporated as Metamune, Inc. in March 2012.

9  PSR ¶ 15; Plea Agreement ¶ 8m.  Defendant Chatterjee solicited some of his advisory

10  clients (including Parantap Lahiri and Mohan Shah) and members of a Bengali non-profit

11  organization for which he had served as Vice President and President (including Parantap

12  Lahiri and Pritam De).  Id.  Between February 2012 and June 2014, defendant Chatterjee

13  raised approximately $231,100 from Metamune investors and deposited most of the funds

14  he raised into an account in the name of Metamune.[3]

15         In its previously-filed Sentencing Memorandum, the United States argued that

16  defendant Chatterjee should pay restitution to all Metamune investors.  In several

17  instances, after depositing investor funds into the Metamune account, defendant

18  Chatterjee transferred a significant portion of the funds to his personal account or to his

19  advisory account (Strategic Capital Management ("SCM")), and then used the funds to

20  repay other investors that he had previously defrauded.[4]  As outlined in their declarations,

21  most of the investors have indicated that they would not have invested with defendant

22  Chatterjee if he had told them the truth about how he would use their funds.

23

24                     _____

25  [3] Prior to opening a bank account for Metamune in May 2012, defendant Chatterjee also deposited funds from

26  Metamune investors into his advisory account for Strategic Capital Management ("SCM") and into his personal
bank account.

27  [4] Bank records show that between May and December 2012, defendant Chatterjee transferred more than $75,000

28  from the Metamune bank account to his personal account.  Leading up to sentencing, Chatterjee provided the United
States with a Form 1099 asserting that he earned $18,000 in compensation from Metamune in 2012.

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States recommends that the Court order defendant Chatterjee to repay a total of $70,000 in restitution to three of the five Metamune investors as that is the amount defendant Chatterjee fraudulently used to repay prior investors.[5]  A summary of those investments are included below in the following table:

| Investor Initials | Investment Date(s) | Total Invested | Restitution Amount |
|---|---|---|---|
| Mohan Shah | 7/20/12 | $20,000 | $5,000 paid to investor P.S. |
| Pritam De and Sarmistha De | 9/11/12 | $50,000 | $5,000 paid to investor S.D. |
| Parantap Lahiri | 2/11/12 | $50,000 | $50,000 paid to investors A.G. and S.D.[6] |
| Parantap Lahiri | 5/1/12 and 5/10/12 | $41,100 | $10,000 paid to investors S.D. and P.D. |
| **Total** | | **$161,100** | **$70,000** |

### A.    Mohan Shah

Mohan Shah ("Shah") first met defendant Chatterjee through his church, and later became an advisory client.  Dkt. 53-2, pg. 1 ¶¶ 1-2.  On July 20, 2012, Shah wrote three checks to Metamune Inc. in the amount of $6,000, $7,000, and $7,000 ($20,000 total).  Dkt. 53-2, pg. 4-6.  Defendant Chatterjee did not provide Shah with documents showing his investment.  Dkt. 53-2, pg. 2, ¶ 4.  Defendant Chatterjee stated that Shah's funds would be used for Metamune purposes.  Dkt. 53-2, pg. 2, ¶ 5.  The memo line of each of

---

[5] This approach excludes losses for investors Indrajit Sur (who lost $10,000, see Dkt. 53-1) and Sudip Gorakshakar (who lost $25,000, see Dkt. 53-5), whose funds were not used to repay other investors.  This approach also excludes several of the Metamune investments made by investor Parantap Lahiri.

[6] As described below, defendant Chatterjee repaid investors A.G. and S.D. a total of $53,133, using $50,000 from P.L. and $20,000 from investor S.B., a victim of defendant Chatterjee's "fixed" investment scheme.  P.L.'s investment funds were commingled in the SCM account with funds from S.B.

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 4

M.S.'s checks states "pre-IPO." Dkt. 53-2, pg. 4-6. On July 20, 2012, defendant Chatterjee deposited Shah's checks into the Metamune account. Exhibit 1. Prior to the deposit, the account had a balance of $3,450.79. Id. On July 25, 2012, defendant Chatterjee transferred $5,000 to his personal account. Exhibit 2 (see transfer to Checking xxxxxx8765). Prior to the deposit, defendant Chatterjee's personal account had a balance of $396.50. That same day, $5,000 was withdrawn from defendant Chatterjee's personal account for the payment of a check to investor P.S., a victim of his "fixed" investment scheme. Exhibits 3 and 4. See also Complaint (Dkt. 1), pg. 9, ¶ 37-38, 40 (describing P.S.'s earlier investments).

**B.     Pritam and Sarmistha De**

On September 11, 2012, Pritam De ("De") and his wife Sarmistha De wrote a $50,000 check made payable to Metamune. Dkt. 53-4, pg. 4. Defendant Chatterjee told De that his funds would be used for Metamune purposes, including making additional products, and for sales and marketing. Dkt. 53-2, pg. 2 ¶ 3. De stated that he would not have invested if his funds went towards defendant Chatterjee's personal expenses or to pay back prior investors. Id. On September 14, 2012, defendant Chatterjee deposited De's check into the Metamune account, which had a prior balance of $3,683.81. Exhibit 5. On September 14, 2012, defendant Chatterjee transferred $1,000 to his personal account. Id. Prior to the deposit, defendant Chatterjee's personal account had a balance of $395.89. On September 17, 2012, defendant Chatterjee transferred an additional $45,000 to his personal account, and then transferred $40,000 to the SCM account at E*Trade Bank. Id. and Exhibit 6. On September 18, 2012, $5,000 was withdrawn out of defendant Chatterjee's personal account for a check paid to S.D., a victim of defendant of his "fixed" investments scheme. Exhibit 7 and 8. See also Complaint (Dkt. 1), pg. 10-11, ¶ 41-42 (describing S.D.'s earlier investments).

**C.     Parantap Lahiri**

Parantap Lahiri ("Lahiri"), one of defendant Chatterjee's advisory clients, made several investments with him, including $30,000 in fixed investments and $126,100 in

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Metamune.  Dkt. 53-3 ¶ 1.  Lahiri stated that he never authorized defendant Chatterjee to use his funds for personal expenses or to pay back other investors.  Dkt. 53-3, pg. 2 ¶ 7. The United States is recommending that defendant Chatterjee pay Lahiri a total of $90,000 in restitution.  This total includes $30,000 for his "fixed" investments losses and $60,000 for the portion of his Metamune investments that were used to repay other investors, as described below.

On February 11, 2012, Lahiri wrote a $50,000 check to SCM, with the words "Supplement Project" written in the memo line.  Dkt. 53-3, pg. 5.  On February 13, 2012, Lahiri's funds were deposited into the SCM account.  Exhibit 9.  Prior to the deposit, the account had a balance of $10,545.53.  Days earlier, on February 8, 2012, defendant Chatterjee deposited a $20,000 check from another advisory client, S.B.  Exhibit 10. Defendant Chatterjee falsely represented to S.B. that his funds would be "mainly invested in highly rated bonds."  Dkt. 40-1, pg. 2.  The day after depositing Lahiri's funds (February 14), defendant Chatterjee wrote two checks to investor A.G. for $41,058 and $2,075 (a total of $43,133).  See Exhibit 9 and Exhibit 11.  A.G. had earlier invested $500,000 in a fictitious "mutual fund" that defendant Chatterjee falsely claimed to be starting.  See Plea Agreement Dkt. 23, pg. 5 ¶ f.  On February 24, defendant Chatterjee paid $10,000 to investor S.D., a victim of his fixed investment scheme.  Exhibit 12.

In May 2012, Lahiri invested an additional $41,100 in Metamune.  P.L. wrote two checks in the amount of $35,000 and $6,100 that were made out to defendant Chatterjee. Dkt. 53-3, pg. 7 and 9.  On May 10, 2012, defendant Chatterjee deposited Lahiri's funds into his personal account, which had a prior balance of $356.97. Exhibit 13.  That day, $20,000 was withdrawn through a check made out to SCM that was deposited into the firm's E*Trade brokerage account.  Exhibit 14.  On May 11, $5,000 was withdrawn and paid to investor S.D.  Exhibit 15.  Defendant Chatterjee also wrote a $5,000 check to investor P.D., a victim of his fixed investment scheme.  Exhibit 16.  See also Complaint (Dkt. 1), pg. 11-12, ¶ 43-44 (describing P.D.'s earlier investments).

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   CONCLUSION

As set forth above, the United States seeks a restitution order in the amount of $647,461, which includes total $577,461 for "fixed" and mutual fund investors, and $70,000 for Metamune investors.  The United States also recommends that the Court sentence defendant Chatterjee to 63 months imprisonment as it is sufficient, but not greater than necessary, to meet the goals of sentencing.

Respectfully submitted,

ANNETTE HAYES
United States Attorney

*/s/ Justin Arnold*
JUSTIN ARNOLD
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Telephone:  (206) 553-5326
Fax:  (206) 553-0755
E-mail: Justin.Arnold@usdoj.gov

*/s/ Robert G. Kondrat*
ROBERT G. KONDRAT
Special Assistant United States Attorney

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on March 18, 2016, I electronically filed the foregoing with

4  the Clerk of Court using the CM/ECF system which will send notification of such filing

   to the attorney(s) of record for the defendant(s).

5

6

7                                        *s/Jenny Fingles*

8                                        JENNY FINGLES
                                         United States Attorney's Office
9                                        700 Stewart, Suite 5220
                                         Seattle, Washington 98101-1271
10                                       Phone:  206-553-7970
                                         Fax:      206-553-0755
11                                       E-mail: jenny.fingles@usdoj.gov

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States Supplemental Sentencing Memorandum
U.S. v. Chatterjee - 8